UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ROBIN CROCKETT,

    Plaintiff/Counter-defendant,

v.

ANITA BROCHETTE WOMACK and
M.B.A. REALTY, INC.,

    Defendants/Counter-claimants,

AMERICAN CHOICE LENDING, DEANNE
GREEN, GREEN FINANCIAL
INVESTMENTS, LLC, and ANN
ROBINSON,

    Defendants.

AMERICAN CHOICE LENDING,

    Cross-claimant,

v.

ANITA BROCHETTE WOMACK, M.B.A.
REALTY, INC., DEANNE GREEN, GREEN
FINANCIAL INVESTMENTS, LLC, and
ANN ROBINSON,

    Cross-defendants.

Case No. 07-CV-0679 (PJS/JJG)

ORDER

---

For the second time, plaintiff Robin Crockett moves for a default judgment against four defendants: American Choice Lending, Ann Robinson, Deanne Green, and Green Financial Investments, LLC. For the second time, the Court denies the motion without prejudice.

Crockett has provided insufficient evidence that defendants Robinson, Green, and Green Financial Services were ever served with the amended complaint. Crockett's former lawyer, Sam Glover, asserted in an affidavit filed in connection with the first motion for default judgment that Green, Green Financial Services, and Robinson "never responded" to the amended complaint. Glover Aff. ¶ 4 [Docket No. 153]. But Glover did not assert in that affidavit that these three defendants were ever *served* with the amended complaint. In an affidavit by Glover filed in connection with the second motion for default judgment, Glover "adopted and incorporated by reference" his earlier affidavit, including "the assertion that Defendants . . . Green; Green Financial Investments, LLC; and Ann . . . Robinson have all been personally served with process . . . ." Glover Aff. (Second) ¶¶ 4-5 [Docket No. 174]. But, as noted, the earlier affidavit made no such assertion.

Further, the amended complaint itself was accompanied by a certificate of service that said that "[a]ll defendants" were served via the Court's ECF system, and that *no* defendants were served either personally or by mail. Cert. Serv. (Am. Compl.) Feb. 15, 2007 at 1 [Docket No. 3]. In March 2008 — over a year after the amended complaint was filed — Crockett filed an "affidavit of service" stating that Robinson was served on July 13, 2007 with "the attached Amended Summons and Amended Complaint." Aff. Serv. [Docket No. 88]. But the amended complaint is not, in fact, attached to this affidavit of service filed with the Court. Instead, two copies of an amended *summons* are attached to the affidavit. This affidavit thus shows that Robinson was served with an amended summons; it does not show that Robinson was served with the amended complaint. And, self-evidently, an affidavit of service with respect to

Robinson says nothing whatsoever about service on Green and Green Financial Investments, LLC.

American Choice Lending filed an answer and never moved to dismiss for defective service, so the Court need not be concerned with whether American Choice Lending was properly served. Further, American Choice Lending defied the May 8, 2008 Order of Judge Graham directing it to retain new counsel by June 9, 2008. Order May 9, 2008 [Docket No. 105]. There is thus no doubt that American Choice Lending is in default. It appears, however, that American Choice Lending — like Robinson, Green, and Green Financial Investments — has not received notice of either of Crockett's motions for default judgment.

Crockett's initial motion, filed in November 2008, was accompanied by a certificate of service stating that the materials related to the motion were served via ECF on counsel for a single defendant, Anita Womack. Cert. Serv. Nov. 14, 2008 [Docket No. 154]. Crockett then filed a certificate of service to say that the "Notice of Electronic Filing containing notice of change in courtroom for hearing on Plaintiff's default motion" was served by mail on Robinson, American Choice Lending, Green, and Green Financial Investments. Cert. Serv. Jan. 2, 2009 [Docket No. 157]. But serving a notice of a change in hearing date does not relieve Crockett of her duty, which she apparently shirked, to serve the moving papers related to the hearing on Robinson, American Choice Lending, Green, and Green Financial Investments.

As for the papers related to Crockett's second default-judgment motion, there is no evidence that those papers were served on Robinson, American Choice Lending, Green, or Green Financial Investments. The certificate of service related to the second default-judgment motion said that the motion and the associated affidavit of Sam Glover were served via ECF on lawyers

for three parties who have been terminated from the case (Nation's Title, MERS, and Anita Womack) and on Crockett's new lawyer. Cert. Serv. Aug. 27, 2009 [Docket No. 175].

Finally, the memorandum filed in connection with Crockett's first default-judgment motion fails to establish that Crockett is entitled to the relief she seeks. To take only one example, Crockett asserts: "For violating TILA and HOEPA, Crockett is entitled to an amount equal to the sum of all finance charges she paid, plus $400-4,000, as statutory damages." Mem. Supp. Mot. Def. J. at 7 [Docket No. 152]. Crockett cites no authority for this assertion. The Court cannot be expected to hunt through TILA and HOEPA looking for the specific provisions, if any, that entitle Crockett to this relief. If Crockett seeks to recover a default judgment against defendants, she will need to file a new memorandum in support of her motion and will need to identify, with specificity, the law that entitles her to relief and the admissible evidence that supports her claim that she is entitled to recover under that law.

The Court cannot help but wonder if Crockett's claims against Robinson, American Choice Lending, Green, and Green Financial Investments — all of whom are likely judgment-proof — are worth pursuing, especially given that Crockett has already received a settlement from Womack, who was the lead defendant, and who was perhaps the only defendant with assets worth pursuing. If, however, Crockett wishes to move a third time for a default judgment, Crockett will need to establish that each defendant was properly served with the amended summons and the amended complaint, and that each defendant was properly served with Crockett's third motion for a default judgment and all documents submitted in support of that motion. Crockett will also need to request that the Clerk enter a default with respect to each defendant under Fed. R. Civ. P. 55(a) before she asks this Court to enter a default judgment

under Fed. R. Civ. P. 55(b)(2). Crockett's attorney is warned that submitting for a third time obviously inadequate papers in support of a default-judgment motion will result in substantial sanctions against counsel personally under Fed. R. Civ. P. 11.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the motion of plaintiff Robin Crockett for default judgment against defendants Ann Robinson, Deanne Green, Green Financial Investments, LLC, and American Choice Lending [Docket No. 173] is DENIED WITHOUT PREJUDICE.

Dated: September 29, 2009

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge